## ZAWACKI *v.* DETROIT HARVESTER CO.

1. STATUTES—CONSTRUCTION—INTENT.

    Where the language of a statute is of doubtful meaning, the court should give it a reasonable construction looking to the purpose to be subserved thereby, the object sought to be accomplished and its occasion and necessity, as the spirit and intention of the statute should prevail over its strict letter.

2. SAME—CONSTRUCTION.

    Ordinarily if a statute is open to construction at all, it will be so construed if possible as to prevent injustice and obviate absurd consequences.

3. EVIDENCE—PHYSICAL EXAMINATION OF PERSON—PER DIEM—MILEAGE—STATUTES.

    A litigant who invokes the aid of statute requiring the physical examination of a person must pay such person the per diem and mileage as stated in the act especially where the examination is desired at a place other than the immediate locality of the examinee's residence (Act No. 18, Pub. Acts 1941).

4. WORKMEN'S COMPENSATION—STOPPING COMPENSATION—HEARING.

    The authority of the department of labor and industry to stop compensation is limited by provisions of the workmen's compensation act which provides for a hearing thereon (2 Comp. Laws 1929, § 8453).

5. SAME—STOPPING COMPENSATION—HEARING—EVIDENCE—PER DIEM
   —MILEAGE.

    Orders of department of labor and industry requiring employee
   to whom maximum compensation had been awarded for total
   disability over four years theretofore to appear for physical
   examination at hospital some 38 miles distant from city of
   his residence without tendering per diem or mileage as pro-
   vided by statute relative to physical examination of persons
   and orders forfeiting compensation after his failure to appear
   after two occasions are reversed since compensation may not
   be stopped without a hearing and statute under which hearing
   was sought had not been complied with (2 Comp. Laws 1929,
   § 8453; Act No. 18, Pub. Acts 1941).

Appeal from Department of Labor and Industry.
Submitted October 11, 1944. (Docket No. 38, Cal-
endar No. 42,597.) Decided January 2, 1945.

Joseph Zawacki presented his claim for compen-
sation against Detroit Harvester Company, em-
ployer, and Michigan Mutual Liability Company,
insurer. On petition for forfeiture of compensa-
tion. Award to defendants. Plaintiff appeals. Re-
versed and remanded.

*Bernstein & Bernstein,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

BUSHNELL, J. Plaintiff Joseph Zawacki was
granted compensation at the rate of $18 per week
for total disability from March 16, 1939, until fur-
ther order of the department of labor and industry.
Defendant Michigan Mutual Liability Company on
July 24, 1942, claiming that Zawacki had fully and
completely recovered, filed a petition to stop com-
pensation, and the department on April 8th ap-
pointed a medical commission consisting of three
physicians at the University Hospital at Ann Arbor,

Michigan, and ordered Zawacki to present himself for examination before this commission on April 21, 1943. On May 4th, after it was ascertained that Zawacki had not presented himself for examination, the department issued a so-called corrected order, and again ordered Zawacki to present himself for examination on May 19, 1943.

Zawacki, who incurred his claimed disablement at Detroit in the plant of defendant Detroit Harvester Company, and who lived in Detroit, did not appear in Ann Arbor as directed by the department. Defendants on August 19, 1943, filed a motion seeking an order declaring and directing that Zawacki's right to compensation be forfeited as of May 19, 1943, because he "wilfully and intentionally refused and neglected to submit to such physical examination as heretofore ordered by the department."

To this motion Zawacki replied, directing attention to Act No. 18, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 14238-2, Stat. Ann. 1944 Cum. Supp. § 27.475[1]). This act reads as follows:

"Whenever in any proceedings before any court, board or commission, or other public body or officer, an order is made by such court, board or commission, or other public body or officer, requiring and commanding that a person shall submit to a physical examination, the order shall also provide that the attorney for such person may be present at such physical examination if the party to such examination desires that an attorney representing him be present. The order shall also recite and provide that the party to be examined shall, at least 3 days prior to the date set for said examination, be paid a fee of $2 per diem for the day ordered for attendance, and that such party also be paid a mileage fee at the rate of 10 cents per mile in going to the place of attendance, to be estimated from the residence of such party. The court, board or commission, or

other public body or officer, may in its order determine the fees and mileage fees to be paid, and when so fixed, such determination shall be conclusive. A correct copy of any written report rendered by the examining physician relative to the condition of such person shall be delivered forthwith to such person or his attorney."

Zawacki urged that the order appointing the medical commission, dated April 8, 1943, and the subsequent order dated May 4, 1943, were both null and void and of no force and effect, because they did not comply with the provisions of the act, in that no offer or tender had been made by the defendants of the per diem and mileage, and that, being "poor, indigent and in dire financial straits," he was "absolutely destitute, crippled and disabled, and without funds or moneys whatsoever," and that he was financially unable and incapable of abiding by the orders of the department. He demanded a hearing, upon defendants' motion, and denied that there was any provision in the act for "forfeiture of compensation," and he pointed out that the department had no power, except to "end, diminish or increase" the compensation, as provided by 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188). He insisted that he was entitled to such hearing, "in conformity with the statute, before a member or deputy member of the department in the manner provided by law."

The record does not disclose whether Zawacki was granted such a hearing, but contains an order of the department dated September 7, 1943, forfeiting his right to compensation as of May 19, 1943, and until further order, and setting the cause down for hearing before a deputy commissioner for the purpose of determining the rights of the parties prior to that date. On Zawacki's application for leave to appeal, we granted certiorari.

On review here, Zawacki again argues that the orders were void and that he was entitled to a hearing. Appellees accept Zawacki's statement of the questions involved and direct attention to the fact that Act No. 18, Pub. Acts 1941, does not contain any provision as to who shall pay the fee and mileage, and they disclaim any liability therefor.

If appellees' position is correct, not only is Zawacki required to travel at least 38 miles from his home in Detroit to Ann Arbor, and the same distance on his return, at his own expense, but also those receiving compensation and living in the most remote part of the State can also be required to make a like trip under like circumstances.

The act in question is not a part of the workmen's compensation law, but is entitled, "An act relative to physical examinations ordered by any court, board or commission, or other public body or officer; and to declare the rights of any party required to be examined."

Under all the circumstances of this case it would be a gross injustice to require an employee, at his own expense, to travel from his home in Detroit to Ann Arbor for a medical examination which can just as well be conducted in the locality in which he lives. However, if defendant Michigan Mutual Liability Company desires such an examination at Ann Arbor, it is entitled to it under the statute.

As said in *Smith* v. *City Commission of Grand Rapids,* 281 Mich. 235, 240:

"Where, however, the language of a statute is of doubtful meaning, the court should give it a reasonable construction looking to the purpose to be subserved thereby, *Attorney General* v. *Bank of Michigan,* Harr. Ch. (Mich.) 315; *Bennett* v. *Michigan Pulpwood Co.,* 181 Mich. 33, and the object sought to be accomplished, *In re Estate of Ticknor,*

13 Mich. 44, and its occasion and necessity, *Bennett v. Michigan Pulpwood Co., supra; Sibley v. Smith,* 2 Mich. 486. Such construction should be placed upon the statute as to effect its purpose. *People v. Stickle,* 156 Mich. 557. The spirit and intention of the statute should prevail over its strict letter. *Stambaugh Township v. Iron County Treasurer,* 153 Mich. 104. Ordinarily, if a statute is open to construction at all, it will be so construed if possible as to prevent injustice, *Attorney General, ex rel. Common Council of the City of Detroit, v. Marx,* 203 Mich. 331, and obviate absurd consequences, *Attorney General v. Railway,* 210 Mich. 227."

So construed, we hold that any party litigant who invokes the aid of the provisions of the act in question must pay the party to be examined the per diem and mileage as stated in the act.

The department's authority to stop compensation is limited by the provisions of the statute (2 Comp. Laws 1929, § 8453 [Stat. Ann. § 17.188]), which provides for a hearing thereon.

The several orders requiring Zawacki to report for medical examination at Ann Arbor, and the order forfeiting his compensation, are vacated and the matter is remanded to the department of labor and industry for such further proceedings as may be proper in the light of this opinion. Costs to appellant.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.