HARRISON v. FORD MOTOR COMPANY.

ARTHUR G. McKEE & COMPANY, *for use and benefit of* GENERAL ACCIDENT ASSURANCE CORPORATION, v. SAME.

1. ACTION—WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—DISTRIBUTION OF DAMAGES RECOVERED.

Only 1 cause of action may be instituted under the workmen's compensation act section providing for action against third-party tortfeasor, restricting action by the employer or its insurer until lapse of 1 year after the injury, but where the employee has commenced an action even after the lapse of 1 year, neither the employer nor its insurer may start an action thereafter, damages recoverable in the employee's action being applicable to insurer's payments and future liability (CLS 1956, § 413.15).

2. PARTIES—REAL PARTY IN INTEREST—ACTION BY WORKMEN'S COMPENSATION INSURER—THIRD-PARTY TORTFEASOR.

A workmen's compensation insurer is a real party in interest in an action under workmen's compensation act against third-party tortfeasor who injured the employee (CLS 1956, § 413.15).

3. SAME—SUIT AGAINST SELF.

One may not sue himself, for a full and fair examination cannot be had when 1 person controls counsel for both sides.

4. SAME—WORKMEN'S COMPENSATION INSURER—INSURER OF THIRD-PARTY TORTFEASOR.

A workmen's compensation insurer, although a real party in interest in an injured employee's action against third-party tortfeasor, and entitled to reimbursement from any recovery against such tortfeasor, would not be entitled to intervene in such an action, where it was also the insurer of the third-party tortfeasor, since one may not sue himself (CLS 1956, § 413.15).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 58 Am Jur, Workmen's Compensation §§ 357–360.
[2, 4] 58 Am Jur, Workmen's Compensation § 63.
[3, 4] 39 Am Jur, Parties § 8.

Appeals from Wayne; Baum (Victor J.) and Montante (James), JJ. Submitted May 8, 1963. (Calendar Nos. 47, 48, Docket Nos. 49,732, 49,733.) Decided July 17, 1963.

Case by Samuel Harrison, Jr., against Ford Motor Company, a Delaware corporation, and Michigan Foundation Company, Inc., a Michigan corporation, for personal injuries sustained while in the employ of Arthur G. McKee & Company, which was engaged in reconditioning Ford blast furnaces. General Accident Assurance Corporation, workmen's compensation insurance carrier for Arthur G. McKee & Company and also liability carrier for Ford Motor Company, sought to intervene. Petition to intervene denied. General Accident Assurance Corporation appeals.

Case by Arthur G. McKee & Company, for the use and benefit of General Accident Assurance Corporation, its workmen's compensation insurance carrier, against Ford Motor Company and Michigan Foundation Company, Inc., to recover sums paid Samuel Harrison, Jr., because of injury sustained in course of employment. Case dismissed on motion.

Cases consolidated on appeal. Affirmed.

*Goodman, Crockett, Eden, Robb & Philo* (*Ernest Goodman* and *Norman L. Zemke,* of counsel), for plaintiff Harrison.

*Glenn M. Taub,* for General Accident Assurance Corporation.

DETHMERS, J. The 2 cases here consolidated for appeal arise out of the same factual background. Plaintiff in the first suit, Samuel Harrison, Jr., hereinafter called the plaintiff, was injured in the employ of Arthur G. McKee & Company on a con-

tract job being performed by the latter for Ford Motor Company, defendant in both suits. General Accident Assurance Corporation, hereinafter called the insurer, was the workmen's compensation insurer of plaintiff's employer, the McKee Company. It also insured Ford Motor Company against loss for injuries to plaintiff, if contributed to by the negligence of the McKee Company. After the injury the insurer paid plaintiff's medical bills and paid him weekly compensation.

Thereafter plaintiff sued Ford Motor Company as a third-party tortfeasor under CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189). Under that same section the insurer filed a motion to intervene in the cause as party plaintiff. Later, on its behalf, its assured, the McKee Company, also filed a separate suit, under that same section, against the same defendants to enforce the same claim urged in the insurer's motion to intervene in the first suit, namely, to recover insurer's workmen's compensation payments to or for plaintiff.

The insurer's motion to intervene as party plaintiff in the plaintiff's suit was denied by 1 of the Wayne county circuit judges. Another judge of that circuit granted defendant Ford Motor Company's motion to dismiss insurer's suit on the ground that it involved the same cause of action as that in plaintiff's suit and that the insurer's remedy, according to the statute, was by intervention in that suit. Insurer appeals in both cases.

May the insurer maintain its separate action after plaintiff has already filed his suit? The statute provides that if the employee does not start suit within 1 year after the injury, then the employer or its insurer may commence action. Here plaintiff did not sue within the 1 year. However, he did start suit before the insurer did. We think the meaning of the statutory language is that the employer or

insurer may not start suit within the 1 year, but may do so thereafter if the employee has not done so. Plaintiff, here, having begun suit, the door was no longer open to suit by the employer or insurer, but intervention by them in the employee's suit, according to the language of the statute, alone remained to them. This legislative intent seems evident, further, from the statutory provision that, in the employee's suit, damages recovered are to be applied on the insurer's payments and future liability, while suit by the employer or its insurer is to be brought in the employee's name, indicating that there is but 1 cause of action. *Muskegon Hardware & Supply Co.* v. *Green,* 343 Mich 340. The order dismissing insurer's suit was, therefore, proper.

Should insurer have been permitted to intervene as party plaintiff in the plaintiff employee's suit? That the insurer is a real party in interest is manifest. *Muskegon Hardware & Supply Co.* v. *Green, supra.* As such, the statute permits it "to join said suit". Does that mean it may, under any and every circumstance, intervene and participate in the trial of the suit as a party plaintiff?

By its own action insurer has put itself on both sides of the fence in this matter. It has an ostensible interest in recovering from defendant Ford Motor Company, as third-party tortfeasor, the workmen's compensation payments it has made or in the future may be called upon to make to or for plaintiff under its policy of workmen's compensation insurance covering the McKee Company. On the other hand, its insurance contract with Ford makes it liable for Ford's loss on account of injuries to plaintiff if McKee Company's negligence contributed thereto. Thus, if recovery in plaintiff's suit should equal or be less than the amount paid or to be paid by insurer on its workmen's compensation policy covering plaintiff's employer, would the result be

anything other than insurer's collection from Ford of the money it then would be obligated to reimburse Ford under the contract between them? This has the earmarks of an idle process whereby insurer puts into 1 of its pockets what it has taken from another of its own pockets. What is the gain? On the other hand, if recovery in the suit should exceed that amount, to plaintiff's benefit, would this not be to insurer's detriment if it were required, under its contract with Ford, to pay that excess to Ford for transmittal to plaintiff? It can only be concluded that insurer's interest would not be on plaintiff's side of the counsel table at trial of plaintiff's suit. If negligence of plaintiff's employer did contribute to his injury, then, with respect to recovery in plaintiff's suit in an amount equal to insurer's workmen's compensation liability, insurer's intervention as a party plaintiff would amount to insurer suing itself; with respect to recovery in excess thereof, plaintiff's suit would, in effect, and in the final analysis, be against insurer. Their interests would thus be in conflict. Should insurer then be permitted to participate with plaintiff in the trial of the suit as co-plaintiff?

One may not sue himself. *Tate* v. *Tate,* 190 Tenn 39 (227 SW2d 50). One cannot be both plaintiff and defendant at the same time in the same suit. *Globe & Rutgers Fire Insurance Co.* v. *Hines* (CCA 2), 273 F 774. A town treasurer was held incapable of maintaining an action in his individual capacity against himself in his official capacity on his personal claim against the town. *Barber* v. *Barber,* 32 RI 266 (79 A 482). In *O'Morrow* v. *Borad,* 27 Cal2d 794 (167 P2d 483, 163 ALR 894), two parties, whose automobiles collided with each other, were insured by the same insurance company. One sued and the other not only answered but filed a cross complaint. The insurer claimed the right to defend. The court

held that one may not be both plaintiff and defendant in an action, and that the insurer might not be allowed to defend each of its 2 insureds against the claim of the other, as a full and fair examination of the merits of a case cannot be had when 1 person controls counsel for both sides. See, also, *Vernan v. Gordon,* 365 Mich 21. In *Sjoberg* v. *Joseph T. Ryerson & Son,* 8 Ill App2d 414 (132 NE2d 56), the governing statute was similar to that of Michigan and the factual situation was much as at bar except that the employer's workmen's compensation carrier was not also, as here, insurer of the third-party tortfeasor. There the court allowed the employer to intervene for the use and benefit of its insurer but prohibited its participation in conducting the trial except as consented to by the plaintiff employee. While the cases above considered are not strictly on all fours with the case at bar, they express a view germane to the subject, unfavorable to insurer's intervention and participation in the trial as a party plaintiff in plaintiff's suit. Insurer's position in the apparent role of a plaintiff, at least with regard to that portion of the claim which, as above noted, it would be to its interests to have defeated, would tend to be destructive of the adversary theory so essential to our system of administration of justice and arriving at truth and justice. Undoubtedly an appreciation thereof accounts for the failure of the legislature, in providing for insurer's "right to join in said suit", to specify that it should, in all events, be as a party plaintiff or that, as such, it should have the right to participate as party plaintiff with the plaintiff employee in the trial of the case.

The trial court, in its opinion denying the right to intervene as party plaintiff, stated that, upon insurer's application therefor, it would "fashion and establish such a lien", referring to insurer's statutory right to reimbursement, out of recovery from

the suit, of its past workmen's compensation payments and credits for future payments to plaintiff. This would give insurer the protection contemplated by the statute. The right to join and participate in the trial as party plaintiff, not expressly provided by statute, insurer, in this particular case, must forego by reason of having placed itself, through its contract with Ford, in a position inconsistent therewith.

Affirmed. Costs to appellees.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.