DESHLER v GRIGG

Docket No. 78-2013. Submitted February 14, 1979, at Lansing.—Decided May 2, 1979. Leave to appeal applied for.

The salaries of the officers and trustees of Cambridge Township, Lenawee County, were raised by resolution of the township board at a "budget session" of the board. The increases were included in the budget adopted at an annual township meeting shortly thereafter but from the information distributed at the meeting there was no way of ascertaining that the salaries of township officials had been changed. Several months later, having been made aware that the method of raising their salaries may have been irregular, the board members passed a resolution setting the new salaries, retroactively to the time of the budget session at which they were initially adopted. Betty Deshler and other taxpayers of the township then brought an action against Marvin C. Grigg and the other members of the township board, for a declaratory judgment that the salary increases were void and should be repaid. The Lenawee Circuit Court, Kenneth B. Glaser, Jr., J., granted judgment for defendants. Plaintiffs appeal, alleging that salaries may only be determined by resolution at an annual township meeting. *Held:*

The statutory provision for setting township officials' salaries allows them to be set either by the electorate at an annual meeting or, alternatively, by resolution of the board subject to review by the electorate. The board's resolution setting the salaries retroactively was proper.

Affirmed

1. STATUTES — CONSTRUCTION — INCONSISTENCIES.

A court when construing a statute is bound to arrive at a reasonable construction and to reconcile seeming inconsistencies, striving to give effect to all the provisions of the statute.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 254.

[2] 73 Am Jur 2d, Statutes § 250.

[3] 63 Am Jur 2d, Public Officers and Employees §§ 364-367.

[4] 56 Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions §§ 167, 828.

2. STATUTES — CONSTRUCTION — AVOIDANCE OF SURPLUSAGE.

Every word of a legislative enactment is presumed to have some force and meaning and every effort is to be expended in arriving at an interpretation of a statute which avoids declaring any portion of the legislature's language to be surplusage.

3. TOWNS — TOWNSHIP — TOWNSHIP BOARDS — SALARIES — STATUTES.

Salaries of township board members may be fixed by the electorate at an annual meeting or, alternatively, by resolution of the board subject to review by the electorate (MCL 41.95[1], [3]; MSA 5.82[1], [3]).

4. TOWNS — TOWNSHIPS — TOWNSHIP BOARDS — RETROACTIVE RESOLUTIONS — STATUTES.

A township board is empowered to obviate mistakes and irregularities in a prior proceeding, at which it set its salaries, by retroactive resolutions so long as the rights of third persons are not impaired (MCL 41.95[3]; MSA 5.82[3]).

*Downs & Pirich,* for plaintiffs.

*Robertson, Bartlow & Des Chenes, P.C.,* for defendants.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and MACKENZIE, JJ.

M. J. KELLY, P.J. Plaintiffs bring this appeal of right following a bench trial and entry of a judgment against them. This appeal presents a single question of law, there being no challenge to the lower court's determination of the facts:

*Does MCL 41.95; MSA 5.82 authorize a township board to fix its own salaries by resolution without prior approval at the annual township meeting?*

Plaintiffs are taxpayers of Cambridge Township, Lenawee County, Michigan, who are contesting a 1976 raise in salaries for the township trustees from $1,000 per year plus per diem for special

meetings, to $1,200 without a per diem, and for the other township officers of $500 each. Plaintiffs claim that the procedure by which these raises were accomplished violates MCL 41.95; MSA 5.82, and they are therefore void and ought to be repaid. Plaintiffs, however, do not claim any intent to conceal these raises on the part of the township officials and there is no evidence of any intent to do so.

The proofs showed that in late March, 1976, the township board met in a "budget session" at the township hall in Onsted, Michigan, and prepared a budget for the following year. At this meeting, they decided on the aforementioned increases of salary; however, they did not itemize the salaries in the budget but included each raise in its departmental line item together with all items budgeted for that office.

At the annual township meeting on April 3, 1976, the so-called "face sheet" of the proposed budget was the only thing distributed. There were questions about several areas of the budget, but only one mention of anything relating to salaries. Noting the item of $7,000 opposite the line item "financial clerk's office", a citizen asked "if the clerk got all that" and the clerk informed him that it also included supplies, postage and everything else needed by the clerk's office. The amount of the clerk's salary was not stated. There was no further mention of salaries; the budget was adopted without further disclosure as to the salaries and without further question.

At the September board meeting, one of the plaintiffs asked the township treasurer for the salaries of the township officials; these salary amounts were supplied to him and apparently did not correspond with audit figures maintained by

the State of Michigan for the township. Rescission of the raise was discussed privately between defendant Grigg and plaintiff David Blake following the meeting. Grigg individually agreed there was irregularity. His sentiments were not shared by the township attorney and the other defendants who refused to repay the raises because of the procedural irregularity.

At the November board meeting, the raises were discussed and a resolution was passed setting the 1976 salaries in conformity with the March board meeting. Plaintiffs then brought this suit challenging the salary increases.

The trial court, in its opinion, noted that "this case * * * was an election year sparring match by opposing factions of township government". Although acknowledging that the better procedure was to list township officials' salaries separately, the trial court found that the board members intended no violation of the law and had only followed past practices and their township manual. The lower court, therefore, held that the township board had not acted in contravention of MCL 41.95; MSA 5.82 when it raised its salaries by resolution at the meeting of March, 1976. The statute was interpreted to allow the salary of the board members to be fixed at the annual township meeting, or, in the absence of such action, allow the board to fix its own salaries, subject to reversal either at an annual township meeting or at a special meeting of the township electors. Consequently, judgment for defendants was granted.

In this appeal, only subsections (1) and (3) of MCL 41.95; MSA 5.82 are at issue. These subsections provide:

"(1) The officers composing the township boards,

board of registration, board of health, board of review, and inspectors of election shall be entitled to the salary fixed by the electors at the annual township meeting, and, in case of the neglect or failure of the electors to fix the salary, the officers shall be entitled to the same salary as the predecessors in office received the year before.

"(3) The salary of township officials who are paid a salary may be determined by resolution adopted by the township board. The electors at a subsequent township meeting may alter the amount of salary fixed by the resolution. A salary shall not be raised within 60 days before an election."

Plaintiffs argue that salaries may only be determined by resolution of an annual township meeting. Thus, the plaintiffs maintain that subsection (1), in employing the word "shall", sets forth the only possible means by which the salaries of township officials may be set. According to this argument, subsection (3) may never be applied due to the presence of subsection (1) and if correct would mandate a holding that the discussion and approval of the salary increases which occurred at the November board meeting would be invalid.

We think that plaintiffs' proposed interpretation of the statute contravenes an important principle of statutory construction. Courts are bound to arrive at a reasonable construction of a statute and to reconcile seeming inconsistencies, striving to give effect to *all* the provisions of the statute. *Roseville v Local #1614, International Ass'n of Fire-Fighters, AFL-CIO,* 53 Mich App 547; 220 NW2d 147 (1974), *In re Petition of State Highway Comm,* 383 Mich 709; 178 NW2d 923 (1970). Every word of a legislative enactment is presumed to have some force and meaning, *Wyandotte Savings Bank v State Banking Commr,* 347 Mich 33; 78 NW2d 612 (1956), and every effort is to be ex-

pended in arriving at an interpretation of a statute which avoids declaring any portion of the legislature's language to be surplusage. *Stowers v Wolodzko,* 386 Mich 119; 191 NW2d 355 (1971). Because the interpretation of § 95 urged by plaintiffs would render subsection (3) "pure" surplusage, we are compelled to reject the argument.

Furthermore, plaintiffs' argument is also contradicted by an earlier interpretation of these subsections by the Attorney General, set forth in 1 OAG, 1957, No. 2990, p 199 (April 29, 1957). The Attorney General's opinion holds that subsections (1) and (3), taken together, prescribe *alternative* means by which the salaries of township board members may be fixed. They may be determined by the annual meeting of the electorate or, if the annual meeting fails to address the question, the salary of the predecessors in office will be the salary of the board members under subsection (1). However, should the board decide to act, it may do so under subsection (3), raising the salaries by resolution. This interpretation, which is urged by defendants, accords with the aforementioned principles of statutory construction, for it gives meaning to all the words of the statute.

Plaintiffs argue that, if the board may set its salary by resolution, control over the salaries will pass from the democratic process to the board members. In response to this contention, we note that the trial court accurately observed that ultimate control of the board's salaries will always remain with the township electorate, due to the provision in subsection (3) for review of the board's independent actions by a special meeting of the township electorate, MCL 41.25; MSA 5.25, or at the next annual meeting.

A collateral question raised in plaintiffs' argu-

ment is whether the township board's resolution at the November meeting was effective to validate the March salary increases retroactively. We answer this question in the affirmative. Generally, the Legislature has full power to enact laws to obviate mistakes and irregularities in prior proceedings of municipal corporations where they do not impair any contract or injuriously affect the rights of third persons. 56 Am Jur 2d, *Municipal Corporations,* § 116, pp 173-174. Analogously, we think that the township board, pursuant to its powers under subsection (3), is also empowered to obviate mistakes and irregularities in its prior proceedings through retroactive resolutions, so long as they do not impair the rights of third persons. No rights were impaired here. Furthermore, MCL 41.95(3) obviously contemplates retroactive ratification of board resolutions by the general electorate, for it states: "the electors at a subsequent township meeting may alter the amount of salary fixed by the resolution." The fact that the statute contemplates subsequent ratification of board resolutions suggests that the mere fact that seven months elapsed between the March salary increase and the November ratification would not render retroactive approval ineffective.

Therefore, we hold that MCL 41.95; MSA 5.82 provides alternative means for increasing the salaries of township officials.

Affirmed.