OHIO FARMER'S INSURANCE COMPANY v NEFF

Docket No. 51696. Submitted June 17, 1981, at Lansing.—Decided
    December 16, 1981.

    Christopher Neff, while operating a motor vehicle in the course of
        his employment, was involved in an accident with a motor
        vehicle owned by Michigan Bell Telephone Company. Neff was
        injured and was paid workers' compensation benefits by Ohio
        Farmer's Insurance Company, the workers' compensation car-
        rier for Neff's employer. Neff subsequently brought suit against
        Michigan Bell seeking damages for his personal injuries. Ohio
        Farmer's did not intervene in that suit. Neff and Michigan Bell
        had actual notice that Ohio Farmer's had paid workers' com-
        pensation benefits to Neff and that Ohio Farmer's had a lien on
        any recovery by Neff from Michigan Bell. Neff and Michigan
        Bell entered into a consent judgment. The agreement stated
        that it was in satisfaction of all claims against Michigan Bell
        including the claims of any workers' compensation carrier.
        Further, the agreement stated that Neff was to indemnify
        Michigan Bell for any sums reimbursable for workers' compen-
        sation benefits paid. Subsequently, Ohio Farmer's filed suit in
        Detroit Common Pleas Court against Neff and Michigan Bell
        seeking enforcement of its lien. A default judgment was en-
        tered against Neff. The Common Pleas Court subsequently
        denied Ohio Farmer's motion for summary judgment for the
        amount it claimed as a lien against Michigan Bell, and the
        court granted Michigan Bell summary judgment of no cause of
        action against the plaintiff. The Wayne Circuit Court, John M.
        Wise, J., affirmed the decision of the Common Pleas Court.
        Ohio Farmer's appeals by leave granted contending that, since
        Michigan Bell had knowledge that the plaintiff had paid work-
        ers' compensation benefits when Michigan Bell settled with
        Neff, Michigan Bell was required to reimburse it for benefits
        paid to Neff before giving the balance of the recovery to Neff
        and that since Michigan Bell had knowledge of the fact that
        workers' compensation benefits had been paid, failure to inter-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 437.
[3] 82 Am Jur 2d, Workmen's Compensation § 439.

vene in the lawsuit between Neff and Michigan Bell is immaterial, and does not adversely affect the plaintiff's right to proceed against Michigan Bell. *Held:*

Michigan Bell, which had knowledge of the plaintiff's lien prior to its settlement with Neff, had a statutory obligation to reimburse the plaintiff, even though the plaintiff did not intervene in the lawsuit between Neff and Michigan Bell.

Reversed and remanded.

1. WORKERS' COMPENSATION — EXCESS RECOVERY — LIENS — INSURANCE CARRIER — STATUTES.

The workers' compensation act creates a statutory lien in favor of the insurance carrier on any recovery against a third party for damages resulting from personal injuries and the statute mandates that this lien is to be paid before any excess recovery is to be paid to the employee (MCL 418.827; MSA 17.237[827]).

2. WORKERS' COMPENSATION — THIRD-PARTY TORTFEASORS — REIMBURSEMENT FOR BENEFITS PAID.

An injured employee who is recovering or has received workers' compensation benefits may sue, settle with, or release a third-party tortfeasor before judgment, but where money is recovered from these actions, the third-party tortfeasor must first reimburse the employer and its insurance carrier for compensation benefits paid to the injured employee.

3. WORKERS' COMPENSATION — LIENS — THIRD-PARTY TORTFEASORS — REIMBURSEMENT FOR BENEFITS PAID.

An insurance carrier which has paid workers' compensation benefits to an employee who has suffered personal injuries need not intervene in a suit by the employee against a third-party tortfeasor to be entitled to reimbursement for the payments to the employee from any recovery related to the action; where the third-party tortfeasor is aware of the carrier's lien, reimbursement should be made to the carrier prior to making any payments to the employee, and failure to reimburse will render the third-party tortfeasor, as well as the employee, liable to the carrier (MCL 418.827; MSA 17.237[827]).

*Johnson, Campbell & Moesta, P.C.,* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.,* for Michigan Bell.

Before: DANHOF, C.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. Plaintiff appeals from a grant of summary judgment entered in Detroit Common Pleas Court in favor of defendant Michigan Bell Telephone Company. This grant of summary judgment was affirmed by the circuit court. We granted plaintiff's application for leave to appeal.

On November 11, 1971, Christopher Neff, an employee of Kenneth Langdon, doing business as Kencraft Cabinets, while operating a motor vehicle in the course of his employment, was involved in an accident with a motor vehicle owned by Michigan Bell Telephone Company (Michigan Bell). Neff was injured and was paid workers' compensation benefits by plaintiff, the workers' compensation carrier for Neff's employer.

Neff sued Michigan Bell seeking damages for his personal injuries. Plaintiff did not intervene in that lawsuit. However, Neff and Michigan Bell had actual notice of the fact that plaintiff had paid workers' compensation benefits to Neff, and that, pursuant to MCL 418.827; MSA 17.237(827), plaintiff had a lien on any recovery by Neff from Michigan Bell.

A consent judgment was entered into between Neff and Michigan Bell. Under the terms of this agreement Neff received $48,601.83. The agreement stated that it was in satisfaction of all claims against Michigan Bell including the claims of any workers' compensation carrier. Further, the agreement stated that Neff was to indemnify Michigan Bell for any sums due and owing to Neff's workers' compensation carrier.

Subsequently, plaintiff commenced suit in Detroit Common Pleas Court against Neff and Michi-

gan Bell. Plaintiff sought enforcement of its lien of $7,497.90.

A default judgment was entered against Neff, who is not a party to this appeal.

On April 2, 1979, the Common Pleas Court denied plaintiff's motion for summary judgment for the amount it claimed as a lien against Michigan Bell. At the same time, the court granted Michigan Bell's motion for summary judgment of no cause of action against plaintiff. This action was affirmed by the circuit court.

On appeal, plaintiff contends that, since Michigan Bell had knowledge, when it settled with Neff, that plaintiff had paid workers' compensation benefits, MCL 418.827; MSA 17.237(827) required that Michigan Bell reimburse plaintiff for benefits paid to Neff before giving the balance of the recovery to Neff. Plaintiff contends that since Michigan Bell had knowledge of the fact that workers' compensation benefits had been paid failure to intervene in the lawsuit between Neff and Michigan Bell is immaterial and does not adversely affect plaintiff's right to proceed against Michigan Bell.

Michigan Bell, in turn, argues that plaintiff does not retain a cause of action against it because plaintiff did not intervene in Neff's action against Michigan Bell. Also, Michigan Bell points out that the settlement with Neff, by its terms, included all amounts for which Neff received workers' compensation payments from plaintiff. In essence, Michigan Bell maintains that under the settlement with Neff, it became solely Neff's responsibility to reimburse plaintiff.

We agree with plaintiff and hold that Michigan Bell, which had knowledge of plaintiff's lien prior to its settlement with Neff, had a statutory obligation to reimburse plaintiff, even though plaintiff

did not intervene in the lawsuit between Neff and Michigan Bell.

MCL 418.827; MSA 17.237(827) provides in pertinent part:

"Any recovery against the third party for damages resulting from personal injuries * * * after deducting expenses of recovery, shall first reimburse the * * * carrier for any amounts paid * * * under this act to date of recovery and the balance shall forthwith be paid to the employee * * *."

Thus, the workers' compensation act creates a statutory lien in favor of the carrier. The statute further mandates that this lien is to be paid before any excess recovery is to be paid to the employee.

It is clear that had plaintiff intervened in the suit between Neff and Michigan Bell plaintiff would have been entitled to be reimbursed prior to any recovery being paid to Neff. See *Gamble v American Asbestos Products,* 381 Mich 105; 159 NW2d 839 (1968), *Transamerican Freight Lines, Inc v Quimby,* 381 Mich 149; 160 NW2d 865 (1968). On appeal, Michigan Bell asserts that, since plaintiff did not intervene in the lawsuit between it and Neff, this rule is not applicable, and plaintiff is not entitled to proceed against it. We disagree. The fact that plaintiff did not intervene in the lawsuit between Neff and Michigan Bell is immaterial. See *Arnett v General Motors Corp,* 22 Mich App 658, 662-663; 177 NW2d 704 (1970). Michigan Bell was aware of plaintiff's lien prior to settling with Neff. Therefore, pursuant to MCL 418.827; MSA 17.237(827), plaintiff is entitled to reimbursement from Neff's recovery and the reimbursement should have been paid prior to any recovery being given to Neff. Because Michigan Bell did not reimburse plaintiff before turning funds over to Neff,

Michigan Bell, as well as Neff, are now liable to plaintiff.

In holding for plaintiff, we note that the better practice would have been for it to intervene in the lawsuit between Neff and Michigan Bell. However, where Michigan Bell had knowledge of plaintiff's lien, intervention was not necessary to protect plaintiff's interest.

Finally, we note that Michigan Bell has protected itself from an adverse holding in the instant case by including an indemnification clause in its settlement with Neff.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.