TRAVELERS INSURANCE COMPANY v S & H TIRE COMPANY

Docket No. 65049. Submitted June 7, 1983, at Lansing.—Decided April 30, 1984. Leave to appeal applied for.

Robert Dilts, an employee of Firestone Tire & Rubber Company, was injured on June 14, 1977, during the course of his employment when he fell while alighting from his employer's truck onto premises owned by S & H Tire Company. Travelers Insurance Company, the workers' compensation carrier for Firestone, thereafter paid workers' compensation benefits to Dilts. On July 11, 1978, Dilts commenced an action in the Saginaw Circuit Court against the third-party tortfeasor, S & H, alleging that S & H's negligent maintenance and supervision of its parking lot caused him to sustain injuries which resulted in serious impairment of his bodily functions and permanent serious disfigurement. On January 12, 1979, Travelers filed a notice of its lien against any payment made pursuant to any settlement or judgment. On May 11, 1979, Travelers filed a motion to intervene. The motion was thereafter denied by the trial court. On July 10, 1980, Travelers filed a motion to stay proceedings in the suit between Dilts and S & H until the Court of Appeals rendered a final determination of Travelers' right to intervene. The trial court granted the motion on July 30, 1980. On April 29, 1981, the Court of Appeals, in an unpublished per curiam opinion, Docket No. 52627, affirmed the trial court's denial of the motion to intervene, noting that Travelers might be entitled to intervene for recovery of excess economic losses for which tort recovery was not barred if it

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146, 195, 206.

[2] 73 Am Jur 2d, Statutes §§ 155, 250, 255, 256.

[3] 73 Am Jur 2d, Statutes §§ 249, 250.

[4] 73 Am Jur 2d, Statutes § 258 et seq.

[5, 7] 82 Am Jur 2d, Workmen's Compensation § 434.

[5, 6, 8] 82 Am Jur 2d, Workmen's Compensation § 438.

Statute of limitations applicable to action, by way of subrogation or the like, by employer or insurance carrier against third person for injury to employee. 41 ALR2d 1044.

[6] 82 Am Jur 2d, Workmen's Compensation § 439.

amended its complaint to claim economic damages. On rehearing, the Court of Appeals revised its decision and affirmed the lower court's decision without prejudice to Travelers' right to intervene for reimbursement of benefits representing excess economic loss. *Dilts v S & H Tire Co,* Docket No. 52627, per curiam opinion of July 1, 1981. However, on April 29, 1981, the date of the original Court of Appeals decision, Dilts' action against S & H was dismissed by the trial court, those parties having reached an amicable settlement. On September 21, 1981, Travelers, as subrogee of Dilts, filed an action in the Saginaw Circuit Court against S & H Tire Company seeking reimbursement from S & H for certain workers' compensation benefits paid to Dilts which did not serve as a substitute for no-fault insurance benefits. S & H Tire Company filed a motion for summary and/or accelerated judgment based on the running of the period of limitation. The trial court, Gary R. McDonald, J., held that the period of limitation began to run on the date of the industrial injury to Dilts and granted the motion for accelerated judgment and dismissed the complaint in an order issued June 1, 1982. Travelers appeals contending that the period of limitation does not begin to run on a suit brought under § 827 of the Worker's Disability Compensation Act until the third-party tortfeasor pays the injured employee without withholding from the settlement agreement sums which the carrier previously paid in workers' compensation benefits. *Held:*

1. The one-year period of limitation set forth for suits under subsection (1) of § 827 does not carry over and apply to carrier suits brought under subsection (3) of § 827 to enforce rights conferred in subsection (5).

2. Within one month from the date Travelers could have started suit under subsection (1) of § 827, Dilts filed his action against S & H. Once Dilts instituted suit, Travelers no longer had a right under subsection (1) to commence its own action as subrogee of Dilts but could only seek intervention in that action. However, under subsection (3) of § 827 Travelers could enforce its subsection (5) statutory right to reimbursement.

3. Subsection (3) of § 827 actions are not bound by the subsection (1) limitation period. A carrier's cause of action under subsection (5) does not accrue until the employee and the third party enter into a settlement or release. In this case, the settlement and release without paying Travelers took place April 29, 1981.

4. The applicable period of limitation for a carrier's suit to enforce its right to reimbursement does not begin to run on the date of the employee's injury and expire three years later.

Instead, the period begins to run on the date the employee and third party arrive at a settlement and make payment knowing full well of the carrier's claim but nevertheless without first reimbursing the carrier for workers' compensation payments previously made. The Court of Appeals declined to decide whether the period of limitation from the date of accrual is three or six years, since the carrier's claim was filed here within three years from the date of accrual.

Reversed and remanded for trial.

K. N. HANSEN, J., concurred noting that Supreme Court precedent provides that the period of limitation for an action by an employer or carrier to obtain the employee's recovery begins to run when the recovery is withheld from the employer or carrier, such action by the employer or carrier being distinct from the underlying action against the third-party tortfeasor. However, he would hold, if not bound by such precedent, that an employer or carrier waives its right to the recovery where the employer or carrier neither brings its own action nor intervenes in the action between the employee and the third-party tortfeasor within the limitation period for the original action. He does not believe that the Legislature intended an employer or carrier to obtain the benefits of the employee's efforts where it failed to assume part of the risk that the action would be lost and that the expense of litigation would prove fruitless.

### OPINION OF THE COURT

1. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory interpretation is to ascertain and give effect to the intention of the Legislature; to ascertain intent the reviewing court should first review the specific language of the disputed provision, giving all terms their plain and ordinary meaning absent a contrary legislative intent and where an ambiguous term is found, the court should refer to any factors which may advance the determination of intent.

2. STATUTES — JUDICIAL CONSTRUCTION — INCONSISTENCIES.

A court when construing a statute is bound to arrive at a reasonable construction and to reconcile seeming inconsistencies, striving to give effect to all the provisions of the statute.

3. STATUTES — JUDICIAL CONSTRUCTION — SURPLUSAGE.

Every word of a legislative enactment is presumed to have some force and meaning and every effort is to be expended in

arriving at an interpretation of a statute which avoids declaring any portion of the Legislature's language to be surplusage.

4. STATUTES — JUDICIAL CONSTRUCTION.

Statutes should be construed to prevent absurdity, hardship, injustice, or prejudice to the public interest.

5. WORKERS' COMPENSATION — LIMITATION OF ACTIONS — ACTIONS AGAINST THIRD PARTY — SUBROGATION.

The period of limitation set forth in the Worker's Disability Compensation Act for suits brought against a third person liable for an employee's injury by his employer or insurance carrier does not carry over and apply to an employer's or carrier's suit brought against the third party following a settlement and release by the employee to enforce the employer's or carrier's right to reimbursement for sums paid the injured employee (MCL 418.827, subds [1], [3], [5]; MSA 17.237[827], subds [1], [3], [5]).

6. ACTION — WORKERS' COMPENSATION — THIRD-PARTY TORTFEASORS — SUBROGATION — INTERVENTION.

Only one cause of action may be instituted under the Worker's Disability Compensation Act section providing for actions against third-party tortfeasors, restricting an action by the employer or its insurer until lapse of one year after the injury, but where the employee has commenced an action after the lapse of one year, neither the employer nor its insurer may thereafter start an action as subrogee and may only seek to intervene in the employee's suit (MCL 418.827[1]; MSA 17.237[827][1]).

7. WORKERS' COMPENSATION — ACTIONS AGAINST THIRD PARTY — RELEASE — REIMBURSEMENT.

The Worker's Disability Compensation Act provides that an employee's settlement and release of his action against a third-party tortfeasor is not a bar to an action by his employer or the employer's workers' compensation insurer against the third party for any claim they might have; the act gives the employer or insurer a first claim of reimbursement for sums paid the injured employee and such cause of action does not accrue until the employee and the third party enter into a settlement or release (MCL 418.827, subds [1], [3], [5]; MSA 17.237[827], subds [1], [3], [5]).

8. Workers' Compensation — Actions Against Third Party —
   Limitation of Actions.

> An action by an employer or its workers' compensation carrier to ·
> seek an injured employee's recovery against a third-party tort-
> feasor involves a cause of action distinct from the employee's
> underlying cause of action against the third-party tortfeasor;
> the employer's or carrier's claim accrues, and the period of
> limitation begins to run, at the time the wrong on which the
> claim is based is done, i.e., when the tortfeasor, with knowledge
> of the employer's or carrier's superior claim, pays over a
> recovery to the employee (MCL 418.827, subds [1], [3], [5],
> 600.5827; MSA 17.237[827], subds [1], [3], [5], 27A.5827).

*Lacey & Jones* (by *Stephen Jay Schwartz*), for
plaintiff.

*Davidson, Breen & Doud, P.C.* (by *John David-
son*), for defendant.

Before: Danhof, C.J., and Allen and K. N. Han-
sen,* JJ.

Allen, J. In this appeal, we are asked to decide
a question of first impression: at what time does
the three-year statute of limitations commence to
run on an action brought under MCL 418.827;
MSA 17.237(827) by a workers' compensation car-
rier for recovery and reimbursement from a third-
party tortfeasor of workers' compensation benefits
previously paid by the insurer to an injured em-
ployee. On May 20, 1982, the trial court held that
the period of limitation commenced to run on the
date of the industrial injury to the employee and
thereafter entered an order granting defendant's
motion for an accelerated judgment. Plaintiff,
Travelers Insurance Company, appeals as of right
contending that the period of limitation does not
begin to run on suits brought under MCL 418.827;
MSA 17.237(827) until the third-party tortfeasor

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pays the injured employee without withholding from the settlement agreement sums which the carrier previously paid in workers' compensation benefits. We agree with plaintiff and reverse.

On June 14, 1977, Robert Dilts, an employee of plaintiff's insured, Firestone Tire & Rubber Company, was injured during the course of his employment when he fell while alighting from his employer's truck onto premises owned by S & H Tire Company. As the workers' compensation carrier for Firestone, Travelers paid Dilts $37,147.60 in weekly disability benefits pursuant to the provisions of the Michigan Worker's Disability Compensation Act. On July 11, 1978, Robert Dilts commenced an action against the third-party tortfeasor, S & H. Dilts alleged that S & H's negligent maintenance and supervision of its parking lot caused him to sustain injuries which resulted in serious impairment of his bodily functions and permanent serious disfigurement. On January 12, 1979, Travelers filed a notice of its lien against any payment made pursuant to any settlement or judgment. On May 11, 1979, Travelers filed a motion to intervene as a party to the suit between Dilts and S & H. Following a March 19, 1980, hearing, the trial court issued a written opinion denying Travelers' motion to intervene.

On July 10, 1980, Travelers filed a motion to stay proceedings in the suit between Dilts and S & H until the Court of Appeals rendered a final determination of Travelers' right to intervene. The motion was granted by the trial court on July 30, 1980. In an unpublished per curiam opinion, the Court of Appeals affirmed the trial court's denial of Travelers' motion to intervene. The Court noted that Travelers failed to argue below that it was entitled to recover for excess economic losses for

which tort liability was not barred. The Court stated that Travelers might be entitled to intervene for recovery of excess economic losses for which tort recovery was not barred if it amended its complaint to claim economic damages.

On rehearing, the Court of Appeals revised its decision in an unpublished per curiam opinion. *Dilts v S & H Tire Co,* Docket No. 52627, decided July 1, 1981. Noting the Supreme Court's decision in *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980), this Court affirmed the lower court's decision without prejudice to Travelers' right to intervene for reimbursement of benefits representing excess economic loss.

On April 29, 1981, the date the original Court of Appeals decision was rendered, Dilts' action against S & H was dismissed by the trial court, the parties having reached an amicable settlement. Plaintiff filed the instant suit against S & H on September 21, 1981. Plaintiff's complaint alleged that, although the revised Court of Appeals decision held that Travelers was entitled to reimbursement for workers' compensation benefits previously paid which did not serve as a substitute for no-fault insurance benefits and that plaintiff was entitled to raise the issue at trial, plaintiff could not raise a new motion to intervene since the action had previously been dismissed by stipulation of the parties pursuant to a settlement. Plaintiff alleged that it was entitled to a minimum of $17,000 from S & H as reimbursement for workers' compensation benefits paid to Dilts which did not serve as a substitute for no-fault insurance benefits.

MCL 418.827; MSA 17.237(827) provides in pertinent part:

"(1) Where the injury for which compensation is

payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, *then the employer or carrier,* within the period of time for the commencement of actions prescribed by statute, *may enforce the liability of such other person in the name of that person.* Not less than 30 days before the commencement of action by any party under this section, the parties shall notify, by certified mail at their last known address, the bureau, the injured employee, or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and *the carrier. Any party in interest shall have a right to join in the action.*

"(2) Prior to the entry of judgment, either the employer or carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"(3) *Settlement and release by the employee is not a bar to action by the employer or carrier to proceed against the third party for any interest or claim it might have.*

\* \* \*

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, *shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith*

*be paid to the employee or his dependents or personal representative* and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." (Emphasis added.)

On appeal plaintiff contends that, in situations where, as here, the injured employee files a third-party suit, the workers' compensation carrier may assert its right to reimbursement in three ways: *First,* by filing its own action, as subrogee of the injured employee, against the third-party tortfeasor, as expressly authorized in subsections (1) and (3); *Second,* by filing a motion to intervene in the injured employee's suit against the third-party tortfeasor as expressly authorized by the last line of subsection (1); and, *Third,* by a judicially created cause of action established by this Court in *Ohio Farmer's Ins Co v Neff,* 112 Mich App 53; 315 NW2d 553 (1981). Plaintiff contends that under all three potential remedies, plaintiff is not barred by the running of the statute of limitations. We discuss the merits of plaintiff's claims in inverse order.

Plaintiff suggests that the cause of action recognized by the Court in *Ohio Farmer's* was in the nature of an equitable action for conversion on which the period of limitation admittedly begins to run when the conversion (failure to reimburse the carrier) takes place. Plaintiff construes the opinion far too broadly. Our Court did not clearly identify the nature of the cause of action which it recognized when it allowed the insurer to sue the employee and the third-party tortfeasor in *Ohio Farmer's.* Thus, it is not known whether the Court viewed the suit as a subsection (1) action which authorizes an insurer to bring an action in the name of the injured employee if the employee, his dependents or personal representative do not com-

mence the action within one year after the occurrence of the personal injury. The opinion makes no reference to the amount of time which lapsed between the injury and the commencement of the employee's suit. The opinion also made no mention of subsection (3) which states that a settlement and release by the employee is not a bar to an action by the carrier to proceed against the third-party tortfeasor for any interest or claim it may have. Furthermore, the Court never acknowledged that equitable principles were the crux of its decision and the Court did not label the cause of action as an action for conversion.

Because the Court's opinion in *Ohio Farmer's* fails to identify the nature of the cause of action which it found the insurer was entitled to pursue and because no statute of limitations question was raised in that case, *Ohio Farmer's* is of limited value in deciding the question raised by the instant appeal. Certainly, it fails to create a new or additional form of action under which plaintiff carrier may proceed against the third-party tortfeasor. Nevertheless, as explained later in this opinion, it is helpful in determining the applicable period of limitation in suits brought under subsection (3).

Plaintiff did attempt to intervene in the circuit court action commenced by Dilts against S & H, but intervention was denied by the trial court because of plaintiff's failure to properly draft its motion. On appeal this Court affirmed and upon rehearing, in a subsequent opinion, again affirmed the trial court's decision but granted plaintiff the right to intervene without prejudice if the motion were redrafted to reflect excess economic loss. However, by this time, Dilts and S & H Tire Company had arrived at a settlement and the

Dilts suit had been dismissed by stipulation of the parties. Because plaintiff alone was responsible for its unsuccessful attempt at intervention, we see no way in which this Court on appeal could reverse the trial court. Thus, if plaintiff is to prevail in this appeal, plaintiff must do so by *timely* filing its own action as subrogee of the injured party. Whether such action was timely filed largely depends upon what is the applicable statute of limitations and when does it commence to run.

Unfortunately, on this question the statute is at best ambiguous. The only reference to the period of limitation appears in § (1) which provides that if the injured employee does not start suit within one year from the occurrence of the injury:

"[T]hen the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person."

The ambiguity lies in the uncertainty as to whether the period of limitation so described is restricted to § (1) actions or whether it carries over and is applicable to §§ (3) and (5) situations. Section (1) clearly refers to actions to establish the liability of the third party for the employee's injury. Section (3) pertains to suits by the carrier to enforce the rights to first reimbursement described in § (5). Does the period of limitation on suits for personal injuries, which under MCL 600.5805(8); MSA 27A.5805(8) is three years, carry over to § (3) actions which the insurance carrier is authorized to pursue after an employee and the third party have settled?

Where a statute is ambiguous, its true meaning is ascertained under well recognized rules of construction. In *Smith v Elliard,* 110 Mich App 25, 29-

30; 312 NW2d 161 (1981), *lv den* 413 Mich 944 (1982), this Court said:

"The cardinal rule of statutory interpretation is to ascertain and give effect to the intention of the Legislature. To ascertain intent, this Court first reviews the specific language of the disputed provision, giving all terms their plain and ordinary meaning absent a contrary legislative intent. Where an ambiguous term is found, the Court will refer to any factors which may advance the determination of intent." (Citations omitted.)

In *Deshler v Grigg,* 90 Mich App 49, 53-54; 282 NW2d 237 (1979), *lv den* 407 Mich 875 (1979), the Court stated:

"Courts are bound to arrive at a reasonable construction of a statute and to reconcile seeming inconsistencies, striving to give effect to *all* the provisions of the statute * * *. Every word of a legislative enactment is presumed to have some force and meaning, * * * and every effort is to be expended in arriving at an interpretation of a statute which avoids declaring any portion of the Legislature's language to be surplusage." (Citations omitted; emphasis in original.)

Another rule of statutory construction is that a statute should be construed to prevent absurdity, hardship, injustice or prejudice to the public interest. *Franges v General Motors Corp,* 404 Mich 590, 612; 274 NW2d 392 (1979); *Gardner-White Co v State Bd of Tax Administration,* 296 Mich 225; 295 NW 624 (1941); *Zawacki v Detroit Harvester Co,* 310 Mich 415; 17 NW2d 234 (1945); *General Motors Corp v Unemployment Compensation Comm,* 321 Mich 604; 33 NW2d 90 (1948).

Application of the foregoing rules of construction leads us to conclude that the period of limitation set forth for suits under § (1) does not carry

over and apply to carrier suits brought under § (3) to enforce rights conferred in § (5). Dilts was injured June 14, 1977, and thus, under § (1), the carrier could not start suit to determine S & H's liability to Dilts until June 14, 1978. Within one month from the date plaintiff could have started suit, Dilts filed his own action against S & H. Once Dilts initiated suit, plaintiff no longer had a right to commence its own action as subrogee of Dilts. *Harrison v Ford Motor Co,* 370 Mich 683; 122 NW2d 680 (1963).[1]

Since Travelers no longer had a right to commence its own action against S & H once Dilts filed suit against S & H, the only other method available to Travelers was to seek to intervene in the employee's suit pursuant to § (1). But as noted earlier, Travelers was unable to intervene in the suit between Ditls and S & H because its complaint failed to allege facts which would support recovery for excess economic losses. The employee's suit was settled before Travelers could amend its complaint so that it could intervene. With both of the avenues provided by § (1)—intervention and

---

[1] *Harrison* involved a carrier's suit under MCL 413.15; MSA 17.189, the predecessor of MCL 418.827; MSA 17.237(827). In upholding the dismissal of the carrier's suit, the Supreme Court said:

"May the insurer maintain its separate action after plaintiff has already filed his suit? The statute provides that if the employee does not start suit within 1 year after the injury, then the employer or its insurer may commence action. Here plaintiff did not sue within the 1 year. However, he did start suit before the insurer did. We think the meaning of the statutory language is that the employer or insurer may not start suit within the 1 year, but may do so thereafter if the employee has not done so. Plaintiff, here, having begun suit, the door was no longer open to suit by the employer or insurer, but intervention by them in the employee's suit, according to the language of the statute, alone remained to them. This legislative intent seems evident, further, from the statutory provision that, in the employee's suit, damages recovered are to be applied on the insurer's payments and future liability, while suit by the employer or his insurer is to be brought in the employee's name, indicating that there is but 1 cause of action. *Muskegon Hardware & Supply Co v Green,* 343 Mich 340; 72 NW2d 52 (1955)." 370 Mich 685-686.

a suit by the insurer in the name of the employee
—closed to Travelers, was there any method Trav-
elers could employ to enforce its statutory right to
reimbursement? We think there was under § (3).

Section (3) provides that a settlement and re-
lease by the employee is not a bar to an action by
the carrier against the third party for any claim
the carrier might have. Section (5) gives the car-
rier a first claim of reimbursement for sums paid
the injured employee. Obviously, this clear statu-
tory claim is totally thwarted if a limitation period
of three years from the date of injury is imposed.
Carrier action under § (3) cannot be commenced
until after a settlement and release is effectuated
between the third party and the injured employee
and, since a carrier cannot sue under § (1) while an
employee suit is pending, the employee and tort-
feasor can easily preclude the carrier from enforc-
ing its statutory right to reimbursement by merely
waiting for three years to elapse from the date of
injury before signing a settlement and dismissing
suit. This is not a reasonable construction of the
statute and is contrary to the rules of statutory
construction previously set forth.

The sensible and reasonable construction to give
the statute is to construe § (1) as the carrier's right
to institute suit to establish the liability of the
third party for the employee's injury and to con-
strue § (3) as giving the carrier a separate right to
reimbursement once release and settlement have
been made and the parties have not withheld from
the settlement the workers' compensation benefits
paid the injured employee. The carrier's right to
first reimbursement as provided in § (5) becomes
an empty right if the carrier is precluded from
enforcing its right to reimbursement because of
the failure to intervene (which option was open

but not properly exercised in this case) or because of the failure to bring its own action against the third party to establish liability (which option was open to Travelers for only 29 days after the year elapsed without Dilts commencing action, but closed when Dilts commenced his suit). The right to be reimbursed from the proceeds of the settlement before any funds are paid to the employee would also be an empty right if no method was provided for enforcing that right. Simply put, we don't believe the Legislature intended to limit a carrier's right to reimbursement to 29 days. But that is what happens in the instant case if the three-year period of limitation is extended to § (3) type situations.

Having decided that § (3) actions are not bound by § (1) limitations and no period of limitation being specified by the Legislature for § (3) actions, we must next determine what is the applicable limitation period and when a carrier's cause of action thereunder accrues. We think *Ohio Farmer's, supra,* while not establishing a judicially created nonstatutory cause of action, clearly holds that a carrier may recover from the third-party tortfeasor who settled the claim against it with knowledge of the carrier's claim. We also conclude that the carrier's cause of action under § (5) does not accrue until the employee and the third party enter into a settlement or release. In the instant case, the settlement and release without paying plaintiff took place April 29, 1981.

This still leaves unanswered the question of whether the period of limitation, following accrual of the claim, is three years, six years or some other period of time. *Drapefair, Inc v Beitner,* 89 Mich App 531, 544-545; 280 NW2d 585 (1979), suggests the claim is governed by the general six-

year statute of limitations. However, it is unnecessary to decide this question since Travelers' action was commenced September 21, 1981, only some five months from the date Dilts and S & H settled their dispute.

In summary, we do not believe that the applicable period of limitation for a carrier's suit to enforce its right to reimbursement begins to run on the date of the employee's injury and expires three years later. Instead, we believe the Legislature intended, and we so hold, that the period begins to run on the date the employee and third party arrive at a settlement and make payment knowing full well of the carrier's claim but nevertheless not first reimbursing the carrier for workers' compensation payments previously made. Whether the period of limitation from the date of accrual is three years or six years, we decline to decide, the carrier's claim having been filed in the instant case within three years from the date of accrual.

Reversed and remanded for trial. Costs to plaintiff.

DANHOF, C.J., concurred.

K. N. HANSEN, J. *(concurring).* In *Transamerican Freight Lines, Inc v Quimby,* 381 Mich 149; 160 NW2d 865 (1968), the Court, construing the statute of limitations which is now MCL 418.827; MSA 17.237(827), held that an employer was entitled to the recovery obtained by its employee against a third-party tortfeasor even though the employer neither brought its own action nor intervened, and the period of limitation on the action against the third-party tortfeasor had run. I reluctantly concede that *Transamerican Freight Lines* shows that an action by an employer or insurance carrier to

obtain the employee's recovery against the third-party tortfeasor involves a cause of action distinct from the underlying action against the third-party tortfeasor. Except as otherwise specified by statute, a claim accrues, and the period of limitation therefore begins to run, at the time the wrong on which the claim is based is done. MCL 600.5827; MSA 27A.5827. Therefore, the period of limitation for an action by an employer or carrier to obtain the employee's recovery beings to run when the recovery is withheld from the employer or carrier. In *Ohio Farmer's Ins Co v Neff,* 112 Mich App 53; 315 NW2d 553 (1981), the Court allowed an action by the employer or carrier against the third-party tortfeasor where the tortfeasor, with knowledge of the employer's or carrier's superior claim, paid over the recovery to the employee.

However, if the issues in *Transamerican Freight Lines* were presented in a case of first impression, I would hold that an employer or carrier waives its right to the recovery where the employer or carrier neither brings its own action nor intervenes in the action between the employee and the third-party tortfeasor within the limitation period for the original action. I agree with the dissenting opinions of Justice O'HARA in *Transamerican Freight Lines,* 381 Mich 173, and in *Gamble v American Asbestos Products Co,* 381 Mich 105, 112-115; 159 NW2d 839 (1968), that the Supreme Court's interpretation of the statute allows the employer or carrier to sit passively on its rights while using the employee as a mere collection agency. I do not believe that the Legislature intended an employer or carrier to obtain the benefits of the employee's efforts where it failed to assume part of the risk that the action would be lost and that the expense of litigation would prove fruitless. I urge the Supreme Court to reconsider this issue.