## HIX *v* BESSER COMPANY

1. WORKMEN'S COMPENSATION—COMPENSATION CARRIER—WAIVER—
COMPROMISE AND SETTLEMENT—JUDGMENT—THIRD-PARTY TORT-
FEASORS.

> A workmen's compensation insurance carrier waived the right
> to first or other reimbursement save only as to $1,500 received
> when it, as statutory intervenor, agreed to entry of separate
> consent judgments of $1,500 for itself and $10,000 for the
> fiduciary of the deceased employee and accepted—without
> reservation—the agreed $1,500 as and for its statutory share
> of recovery "against the third party for damages resulting
> from personal injuries or death only" in an action against
> third parties for alleged wrongful death; it is bound by
> the compromise, and has no valid claim upon or against
> the amount it agreed should be separately adjudged in favor
> of the plaintiff-fiduciary and the beneficiaries for whom she
> was trustee (MCLA 413.15).

2. DEATH—WRONGFUL DEATH—PROBATE COURT—JUDGMENT—PECU-
NIARY LOSS—DISTRIBUTION OF PROCEEDS—STATUTES.

> The probate court has never been advised by the circuit judge
> of the total pecuniary loss suffered by the surviving spouse
> and all of the next of kin, and the proportion of such total
> pecuniary loss suffered by the surviving spouse and each of
> the next of kin of such deceased person and thereby has
> never been able to perform the mandatory requirements of
> sections of the probate code for distribution of the proceeds
> of a wrongful death judgment where no "written opinion"
> of the trial judge had ever been made or certified, in a wrong-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 363.
[2, 3] 22 Am Jur 2d, Death § 272 *et seq.*

ful death action, to the probate court having jurisdiction of the estate of such deceased person (1948 CL 691.582; MCLA 702.114, 702.115[4]).

3. DEATH—WRONGFUL DEATH—PROBATE COURT—ADMINISTRATRIX—
JUDGMENT—PECUNIARY LOSS—EVIDENCE—STATUTES.

Michigan Court of Appeals judgment should have directed that the circuit court proceed to perform the requirements of a section of the wrongful death act, requiring the trial judge to advise the probate court as to the amount of the judgment representing the total pecuniary loss suffered by the surviving spouse and each of the next of kin of the deceased person as shown by the evidence introduced upon the trial of such case, and upon certification to the probate court under that section of the statute, that the circuit court direct the setting aside of the probate order by which the administratrix was discharged and the estate closed as that order is a complete nullity where the children of the decedent have vested and yet undetermined proportionate interests in and to the proceeds of the judgment obtained by the administratrix in the wrongful death action (1948 CL 691.582).

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and McGregor and Bronson, JJ., vacating and remanding Wayne, Thomas J. Foley, J. Submitted April 6, 1971. (No. 2 April Term 1971, Docket No. 52,631.) Decided February 25, 1972.

19 Mich App 468 affirmed in part, vacated in part.

Complaint by Oleta Hix, administratrix of the estate of Raymond L. Parks, deceased, against Besser Company and Huron Engineering Co. for damages under the wrongful death act. Aetna Casualty & Surety Company intervened as a party plaintiff. Judgments for plaintiffs. Judgment for plaintiff administratrix certified to probate court. Motion by intervening plaintiff to set aside order certifying judgment to probate court denied. Intervening plaintiff appealed to the Court of Appeals. Order vacated and case remanded. Plaintiff administra-

trix appeals.  Affirmed in part, vacated in part, and remanded.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian* (by *Paul A. Rosen*), for plaintiff administratrix.

*LeVasseur, Werner, Mitseff & Brown,* for intervening plaintiff.

PER CURIAM.  While engaged in the course of his employment for Cinder Block, Inc., Raymond L. Parks was compensably and fatally injured.  With permission of section 15 of part 3 of the workmen's compensation law (1961 CLS 413.15)[1] his fiduciary sued the defendant third parties for alleged wrongful death.  Aetna Casualty & Surety Co., compensation insurer of and for the decedent's employer, intervened as provided by the cited statute.  Thereafter all parties before the court agreed simultaneously upon a compromise of their respective interests and obligations.  May 11, 1966, two consent judgments were entered against the defendants, one for the plaintiff-fiduciary in the sum of $10,000 and the other for intervening Aetna in the sum of $1,500.  The judgments were promptly satisfied.

July 6, 1966, the circuit court judge entered an order "certifying judgment to Oakland probate court."  Since it forms the exclusive basis of the instant controversy (see the opinion of Division 1 below, 19 Mich App 468, 471), a copy thereof is appended, post at 507.

May 28, 1968, Aetna moved in circuit to set aside the order of July 6.  Its attack upon that order is concentrated principally around the following

[1] Repealed and reenacted with certain changes by 1969 PA 317. The new section number is 827 (MCLA 418.827; MSA 17.237[827]).

clause, appearing in the fifth paragraph of section 413.15:

"Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

We perceive no need for judicial determination that the circuit judge should have made provision, in the order of July 6, for Aetna's claimed right of "first" reimbursement under the quoted statutory clause. Aetna waived that right, indeed all of its rights under section 413.15 save only as to the $1,500 received, when it as statutory intervenor agreed to entry of both of the separate consent judgments and accepted—without reservation and with formal acquittance by satisfaction—the agreed $1,500 as and for its statutory share of "recovery" under the quoted paragraph of section 413.15.

Liability of the third-party defendants was something more than doubtful. The limit they would pay to compromise their alleged liability was $11,500. There simply wasn't 'enough to satisfy the respective claims of the plaintiff-fiduciary and of the intervenor. Both had to give or stand trial. Both gave, voluntarily and with judicial approval, Aetna of course much more. By force of the second paragraph of section 413.15 it is bound by such compromise, and has no valid claim upon or against the amount it agreed should be separately adjudged

in favor of the plaintiff-fiduciary and the beneficiaries for whom she was trustee.

Whatever the form of the order of July 6, and no matter its failure (a) to identify the pecuniarily injured beneficiaries of the pleaded cause within 1961 CLS 600.2922 as amended by 1965 PA 146, and (b) no matter its omission of the proportions that are required by section 600.2922, and (c) no matter its failure to inform the probate court within section 115 of chapter 2 of the Probate Code of 1939, as amended by 1965 PA 181 (MCLA 702.115; MSA 27.3178 [185]), it appears beyond question from the form, fact and effect of the two consent judgments and the respective satisfactions thereof that all parties agreed that $10,000 of the total agreed settlement should be devoted to the purposes of sections 600.2922 and 702.115, and that the remaining $1,500 thereof should stand as and for final adjustment and release of all of the rights intervening Aetna might have asserted, under section 413.15, had trial of the plaintiff-fiduciary's cause gone to a prosperously successful conclusion. Why else the separate consent judgments, entered as they were and then satisfied without reservation of that which Aetna sought some two years after both judgments had been satisfied?

Further contemplation here of the order of July 6 has led to careful examination of the circuit court file. That file discloses that no "written opinion" of the trial judge, within then section 2 of 1939 PA 297, has been made or certified "to the probate court having jurisdiction of the estate of such deceased person   *   *   *   ." Such discovery means perforce that the probate court has never been advised by the circuit judge of the "total pecuniary loss suffered by the surviving spouse and all of the next of kin, and the proportion of such total pecu-

niary loss suffered by the surviving spouse and each of the next of kin of such deceased person, * * * ." It means too—as our subsequent investigation discloses—that the probate court has never been enabled to perform the mandatory requirements of sections 114 and 115 of chapter II of the Probate Code of 1939 (1939 PA 288), particularly section 115 (4):

"(4) After hearing on the petition of the executor or administrator, the probate court shall enter an order distributing such proceeds only to those persons who were dependents of the decedent and in such amounts as to said court shall seem fair and equitable considering the relative damages sustained by each of such dependents by reason of the decedent's wrongful death: *Provided, however,* That if the proceeds which are to be distributed are proceeds of a judgment recovered in a court which has issued a certificate, as may be provided by law, relative to the damages sustained by each of such dependents, distribution of such proceeds shall, in the absence of written objections thereto filed by any interested party following service of notice as required by this section, be ordered in accordance with such certificate.

"The provisions of this section shall not apply to cases arising under the laws of this state relating to the survival of actions."

The plaintiff in this case, widow of decedent Raymond Louis Parks, remarried prior to the filing of her complaint under the wrongful death statute. By that statutory complaint Mrs. Hix alleged that the decedent left surviving "five minor children, Raymond, Robert, Michael, Gail and Patricia," also "two children who reached their majority". Her complaint went on to allege that as a result of the defendant Besser's negligence, "plaintiff's dece-

dent's minor children sustained the following injuries and damage:

A. Loss of support;
B. Loss of nurture;
C. Loss of companionship;
D. Loss of accrual to plaintiff decedent's estate to which they would have been entitled;
E. Loss of all other pecuniary advantage, provided in MSA 27A.2922 commonly known as the Wrongful Death Act."

By separate paragraph, the remarried widow alleged that she had suffered damages, as follows:

"A. Loss of support to which she would have been entitled had decedent lived;
B. Loss of plaintiff's decedent's services, companionship, and fellowship;
C. Loss of accrual to plaintiff's decedent's estate to which she would have been entitled."

In this setting the consent judgments of May 11, 1966 were entered and satisfied. Under the first there was paid to the plaintiff fiduciary the sum of $10,000. With the circuit court record silent as to performance of the requirements of aforesaid section 2 of the Act of 1939, and with the probate court file disclosing that the decedent's estate was closed—and the administratrix discharged—upon representation of plaintiff's counsel,[2] it is clear that

---

[2] Counsel wrote the probate court October 20, 1966:

"Enclosed herewith is the Inventory and Final Account of the Administratix of the above Estate together with the Order certifying Judgment to the Oakland Probate Court.

"This Estate was opened for the purpose of prosecuting a civil action for wrongful death. A Judgment was rendered in which the determination was made that no part of the Judgment accrued to the Estate of the Decedent but rather to the heirs-at-law of the Decedent. We have therefore shown that nothing has come into the Estate since this was its only asset.

"Since the civil action was the only asset of the Estate, upon filing the Petition for Administration I would appreciate it if you could close out this Estate and notify me that it has been officially

we should affirm the judgment of the Court of Appeals (19 Mich App 474), so far as that judgment vacates the order of July 6, 1966. Remand as there ordered is, however, quite insufficient. The judgment should have directed (a) that the circuit court proceed, albeit belatedly, to perform the requirements of section 2 of the aforesaid act of 1939 (as amended without pertinent change in 1965 by PA 146) and (b) upon section 2 certification to the probate court, that the circuit court direct the setting aside of the probate order of October 28, 1966, by which the administratrix was discharged and the Parks estate was closed. That probate order is a complete nullity.

Upon the face of the circuit court record and the sworn probate court petition by Mrs. Hix for appointment of herself as fiduciary of her deceased husband, the five one-time minor children of Mr. Parks have vested and yet undetermined proportionate interests in and to the net proceeds of the $10,000 recovered by the plaintiff fiduciary; interests which this one Court of Justice is bound to safeguard with utmost vigilance.

Affirmed in part, vacated in part, and remanded in accord with the foregoing. The plaintiff fiduciary will have costs of both appeals as against intervening Aetna.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.

---

closed. If there is anything further I must do on it, would you also so advise."

### APPENDIX

(Circuit Court order of July 6, 1966)
(Title of Court and Cause)

At a session of said Court held in the City-County Building in the City of Detroit, County of Wayne, State of Michigan on this 6th day of July, 1966,

PRESENT: Honorable Thomas J. Foley
Circuit Judge

It is hereby certified that:

1. On the 11th day of May, 1966, this Court was informed that settlement had taken place between the legal representative for the Estate of Raymond Louis Parks and the defendants Besser Company and Huron Engineering Company, and also between Michigan Mutual Liability Company [*sic*] and the defendants Besser Company and Huron Engineering Company;

2. That as separate settlements had been arranged, all parties requested this Court to enter separate judgments respecting the separate interests of the representative for the Estate of Raymond Louis Parks and Michigan Mutual Liability Company [*sic*];

3. That this Court, by pleadings and testimony was informed that these actions were based upon the Michigan Wrongful Death Act;

4. That after reviewing the testimony, this Court entered separate judgments on behalf of the representative for the Estate of Raymond Louis Parks and Michigan Mutual Liability Company [*sic*];

5. That after listening to all testimony and in view of the separate judgments entered, this Court certifies that the judgment obtained by the representative of the Estate of Raymond Louis Parks was for loss not compensated for in any way under

the Workmen's Compensation Act and in fact was for the non-economic loss to the family of Raymond Louis Parks, including loss of companionship, nurture, affection, and services occasioned by the death of the aforesaid Raymond Louis Parks.

/s/ Thomas J. Foley
Circuit Judge