*In re* YOUNG ESTATE

YOUNG v RIGGSBEE

Docket No. 58392. Submitted July 21, 1982, at Detroit.—Decided
September 7, 1982.

Patrena Young died on June 5, 1977. Shortly thereafter, appellees Alan A. May, administrator of the estate of Patrena Young, deceased, and Altharetta Young Riggsbee, the deceased's mother, filed a civil action against Children's Hospital of Michigan, and others, alleging wrongful death. That suit was settled and the Wayne Circuit Court, Harry J. Dingeman, Jr., J., entered a consent judgment in the amount of $300,000 in favor of the administrator of the estate. The judgment stated that the deceased's divorced parents, appellant Larrie Young and appellee Riggsbee, were the only heirs of her estate and ordered that distribution should be made in the proportions determined by the probate court. The Wayne Probate Court, Joseph J. Pernick, J., found that the appellant father had suffered no loss, that the appellee mother had suffered the entire loss, and that the entire proceeds should be awarded to the appellee mother. The appellant father appeals from the order of the probate court raising the issue of the probate court's jurisdiction to distribute the funds. The Court of Appeals, *sua sponte*, directed the parties to brief the issue of this court's jurisdiction. *Held:*

1. The distribution of the estate was a final order of the probate court affecting the rights or interests of the parties in the decedent's estate and, therefore, was appealable to the Court of Appeals as a matter of right.

2. The probate court did have jurisdiction to distribute the funds even though there was no certification or written opinion from the circuit court as provided for by the Revised Judicature Act. The parties waived any objection to the circuit court's

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 140.
[2, 4] 4 Am Jur 2d, Appeal and Error § 139.
[3] 20 Am Jur 2d, Courts §§ 75, 104, 123.
[4] 5 Am Jur 2d, Appeal and Error § 822.

failure to comply with the act by their in-court stipulations to waive the applicable statutory provision and allow the probate court to proceed without an advisory opinion and certification of loss.

3. Since the parties are free to ignore the circuit court's advisory opinion and stipulate to distribution of the proceeds, the parties may properly waive the statutory provision for an advisory opinion and certification of loss. Here, the parties made a binding waiver.

4. The circuit court certificate of loss and advisory opinion are not jurisdictional prerequisites that cannot be waived by the parties.

5. The probate court sufficiently carried out its duties pursuant to the statute regarding the distribution of the proceeds.

6. The probate court did not abuse its discretion in deciding that the father suffered no loss of society or companionship due to the decedent's death.

7. Appeals from probate courts are not tried *de novo*. The findings of fact by a probate judge sitting without a jury are not reversed unless the evidence clearly preponderates in the opposite direction. Here, the evidence does not preponderate contrary to the probate court's findings.

Affirmed.

1. DESCENT AND DISTRIBUTION — PROBATE COURT — FINAL ORDERS — APPEALS.

A final order by a probate court distributing a decedent's estate and affecting the rights or interests of the parties in the decedent's estate is appealable to the Court of Appeals as a matter of right (MCL 600.863; MSA 27A.863).

2. CONFLICT OF LAWS — STATUTES — COURT RULES.

To the extent that the statute regarding direct appeals to the Court of Appeals from a probate court conflicts with the provisions of the general court rules, the statute applies (MCL 600.863; MSA 27A.863).

3. COURTS — JUDICIAL PREREQUISITES — WRONGFUL DEATH — ADVISORY OPINION — CERTIFICATION OF LOSS — PROBATE COURTS.

The statutory requirement providing that the circuit court which decides a wrongful death action is to issue an advisory opinion and certification of loss to the probate court where a distribution of the proceeds of such action is sought in the probate court is not a judicial prerequisite which cannot be waived by

the parties in the probate action (MCL 600.2922[2]; MSA 27A.2922[2]).

4. APPEAL — PROBATE COURTS.

Appeals from probate courts are not tried *de novo;* findings of fact by a probate judge sitting without a jury are not to be reversed on appeal unless the evidence clearly preponderates in the opposite direction (MCL 600.866; MSA 27A.866).

*Monash & Monash, P.C.* (by *Harold R. Goldberg),* for appellant.

*Gordon Knox,* for appellee Riggsbee.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

D. C. RILEY, J. Patrena Young died on June 5, 1977. Shortly thereafter, appellees Alan A. May, administrator of her estate, and Altharetta Young Riggsbee, her mother, filed a civil action against Children's Hospital of Michigan and others for wrongful death. Eventually, that suit was settled and on January 16, 1981, a consent judgment in the amount of $300,000 was entered in favor of the administrator of the estate of Patrena Young. The judgment stated that her divorced parents were the only heirs of her estate and ordered that the distribution of the judgment should be in proportions determined by the probate court. On June 5, 1981, the probate court found that the appellant father, Larrie Young, had suffered no loss, that the appellee mother had suffered the entire loss and that the entire consent judgment for the wrongful death action should be awarded to the appellee mother. On June 18, 1981, appellant filed a claim of appeal from the order of the probate court. This

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court, *sua sponte,* directed the parties to brief the issue of this Court's jurisdiction.

At the outset, we note that the distribution of the estate was a final order affecting the rights or interests of the parties in the decedent's estate and, therefore, is appealable to this Court as a matter of right. *In re Swanson Estate,* 98 Mich App 347; 296 NW2d 256 (1980); MCL 600.863; MSA 27A.863. To the extent that the cited statute conflicts with the provisions of the general court rules, the statute applies. *In the Matter of Antieau,* 98 Mich App 341, 344; 296 NW2d 254 (1980). *Cf. Perin v Peuler,* 373 Mich 531; 130 NW2d 4 (1964).

Turning to the merits of this appeal, appellant argues that the probate court did not have jurisdiction to distribute the funds of the consent judgment as there was no certification or written opinion from the circuit court as required by MCL 600.2922(2); MSA 27A.2922(2). That section provides in pertinent part:

"Within 30 days after the entry of such judgment, the judge before whom such case was tried or his successor shall certify to the probate court having jurisdiction of the estate of such deceased person the amount and date of entry thereof, and shall advise the probate court by written opinion as to the amount thereof representing the loss suffered by the surviving spouse and all of the next of kin, and the proportion of such total loss suffered by the surviving spouse and each of the next of kin of such deceased person, as shown by the evidence. After providing for the payment of the reasonable medical, hospital, funeral and burial expenses for which the estate is liable, the probate court shall determine as provided by law the manner in which the amount representing the total loss suffered by the surviving spouse and next of kin shall be distributed, and the proportionate share thereof to be distributed to the

surviving spouse and the next of kin. The remainder of the proceeds of such judgment shall be distributed according to the intestate laws."

Appellant asserts that the circuit court advisory opinion and certification of loss is a jurisdictional prerequisite to a distribution of the proceeds in probate court. Accordingly, appellant argues that since the circuit court failed to issue a certification or advisory opinion as required by statute, the probate court order distributing the proceeds must be vacated and the case remanded so that the circuit court can issue the required advisory opinion.

We disagree. In this case, the parties waived any objection to the circuit court's failure to comply with MCL 600.2922(2) by their in-court stipulations to waive this statutory provision and allow the probate court to proceed without the benefit of having the circuit court issue an advisory opinion and certification of loss. Furthermore, we are unpersuaded by appellant's contention that the requirements of MCL 600.2922(2) are jurisdictional prerequisites that cannot be waived by the parties.

MCL 700.222; MSA 27.5222 provides the manner in which proceeds of a wrongful death judgment are to be distributed. Under MCL 700.222(d), if the parties object to the circuit court's certification of loss and advice on the proportion of loss suffered, the probate court is required to hold a hearing to determine the relative amount of loss suffered by each party.

Also, under MCL 700.222(e), regardless of the existence of the certificate of loss and advisory opinion on the parties' proportionate loss, the parties may stipulate to the distribution of the wrongful death proceeds. Given the fact that the parties are free to ignore the circuit court's advi-

sory opinion and the fact that they can stipulate to distribution of the proceeds, we believe that the parties may properly waive the statutory requirement of MCL 600.2922(2).

There is one other factor that convinces us that the circuit court certificate of loss and advisory opinion are not jurisdictional prerequisites. The statute requiring these documents, MCL 600.2922(2), specifically refers to "the judge before whom such case was tried". This language clearly implies that the statute presupposes that a trial has occurred. There is a logical and sound reason for treating settled cases differently from those that have been tried. In those cases where there has been a trial of a wrongful death action, the judge presiding would be uniquely qualified to advise the probate court as to his opinion concerning the relative amount of loss suffered by each party. However, in cases such as the present where there has been no trial, the circuit judge would have no basis upon which to recommend a plan of distribution. Therefore, requiring the circuit court to issue an advisory opinion in this case would be a hollow formality and would clearly violate the public policy in favor of judicial economy.

Appellant's reliance on the Supreme Court's decision in *Hix v Besser Co,* 386 Mich 499; 194 NW2d 333 (1972), is misplaced. In *Hix,* the plaintiff's decedent was fatally injured in an industrial accident. His administratrix brought a wrongful death action against the defendant therein which resulted in a consent judgment in favor of the decedent's estate in the amount of $10,000. The circuit court entered an order "certifying judgment to Oakland probate court" but that order failed to advise the probate court of the amount of

loss suffered by the decedent's estate or the proportion of the total loss suffered by the surviving spouse and each of the next of kin. Therefore, the probate court closed the decedent's estate. The Supreme Court found that due to the deficiencies in the circuit court's certification of loss, the probate court was precluded from performing its responsibilities under 1939 PA 288, § 115(4) (now in substantially similar form at MCL 700.222[d]).

The case at bar differs from *Hix* in several respects. First, in this case, the circuit court did advise the probate court that the amount of the consent judgment represented the amount of pecuniary loss suffered by the parties, whereas in *Hix,* the probate court was given no guidance whatsoever. Furthermore, in the present case, the probate court conducted a hearing and, after listening to all of the relevant testimony, made a distribution of the estate. We hold that the probate court sufficiently carried out its duties pursuant to MCL 700.222, despite the circuit court's failure to issue a certificate of loss and advisory opinion.

Our holding today does not stand for the proposition that the circuit court is never required to issue a certificate of loss and advisory opinion in cases where there has been a consent judgment. We merely hold that the parties made a binding waiver of the provisions of MCL 600.2922(2).

Finally, we reject appellant's contention that the probate court abused its discretion in deciding that appellant suffered no loss of society or companionship due to the decedent's death.

Appeals from probate courts are not tried *de novo.* MCL 600.866; MSA 27A.866. Findings of fact by a probate judge sitting without a jury are not reversed unless the evidence clearly preponderates in the opposite direction. *In re Howarth Estate,*

108 Mich App 8; 310 NW2d 255 (1981). We cannot say that the evidence here preponderates contrary to the probate court's findings.

The evidence at trial indicated that Patrena was in the appellee mother's care at all relevant times. Also, the appellant wrongfully believed that Patrena was not his child. The evidence also showed that while the parties were separated appellant paid little attention to the child and that he contributed very little of the court ordered child support. Based upon a review of the record, we cannot conclude that the probate court's findings were against the preponderance of evidence.

Affirmed.

Costs to appellees.