HOOGEWERF v KOVACH

Docket No. 111939. Submitted May 2, 1990, at Detroit. Decided October 1, 1990.

Judy Hoogewerf, as personal representative of the estate of her deceased son, Christopher Adam Hoogewerf, brought a wrongful death action in Macomb Circuit Court against Michael Kovach, Jr., and Orleans Family Restaurant. The action was settled with the entry of a consent judgment in plaintiff's favor in the amount of $159,139.92. The court, Michael D. Schwartz, J., distributed 2½ percent of the proceeds from the judgment to each of the decedent's two grandparents and, following a hearing, awarded fifty-five percent of the proceeds to plaintiff, fifteen percent to each of decedent's two brothers, and ten percent to decedent's father, Ronald Hoogewerf. On appeal, Ronald Hoogewerf challenged the trial court's distribution of the proceeds.

The Court of Appeals held:

Under MCL 600.2922(6)(d); MSA 27A.2922(6)(d), the trial court is required to distribute the proceeds to designated surviving relatives and the estate in a fair and equitable manner considering the relative damages sustained by each party. On appeal, findings of fact upon which the distribution was based will not be set aside unless they are clearly erroneous, and the distribution itself will not be disturbed in the absence of an abuse of discretion. In this case, the trial court's findings of fact were not clearly erroneous and its distribution of the proceeds showed no abuse of discretion.

Affirmed.

1. DEATH — WRONGFUL DEATH ACTIONS — DISTRIBUTION OF PROCEEDS.

A trial court which in a wrongful death action has entered a consent judgment in favor of the plaintiff shall distribute the proceeds from the judgment to the surviving relatives of the decedent and the estate in a fair and equitable manner considering the relative damages sustained by each party (MCL 600.2922[6][d]; MSA 27A.2922[6][d]).

REFERENCES

Am Jur 2d, Death §§ 92, 108, 113, 116.

See the Index to Annotations under Death and Death Actions.

2. DEATH — WRONGFUL DEATH ACTIONS — DISTRIBUTION OF PROCEEDS — APPEAL.

  In an appeal challenging a trial court's distribution of proceeds from a wrongful death action, findings of fact upon which the distribution was based will not be set aside unless they are clearly erroneous, and the distribution itself will not be disturbed in the absence of an abuse of discretion (MSA 600.2922[6][d]; MSA 27A.2922[6][d]; MCR 2.613[C]).

*Michael J. Berezowsky,* for Ronald Hoogewerf.

*Brescoll & Associates, P.C.* (by *James A. Brescoll* and *Philip K. McNelis*), for Judy Hoogewerf, George Hoogewerf, Evelyn Zilinick, Jeffrey Hoogewerf and Terrance Hoogewerf.

Before: CAVANAGH, P.J., and McDONALD and MARILYN KELLY, JJ.

MARILYN KELLY, J. Appellant, Ronald Hoogewerf, appeals as of right the circuit court's order regarding the distribution of proceeds of a wrongful death judgment pursuant to MCL 600.2922(6); MSA 27A.2922(6). On appeal, Ronald claims that the trial court erred in awarding him only ten percent of the monies recovered as a result of his son's death. We affirm.

Christopher Hoogewerf died on November 3, 1984. His mother, Judy Hoogewerf, was named personal representative of his estate. She filed a wrongful death action against Michael Kovach and Orleans Family Restaurant. The suit was ultimately settled with entry of a consent judgment totalling $159,139.92. Christopher was survived by his father, his mother, two brothers and two grandparents.

On June 13, 1988, the court entered an order approving attorney fees and awarding each grandparent 2½ percent of the net proceeds. An eviden-

tiary hearing then was held to determine distribution of the remaining ninety-five percent.

Following the hearing the judge found that Judy Hoogewerf had suffered the greatest loss from the death of Christopher. He also found that Christopher had a closer relationship with his brothers than his father. Accordingly, the judge awarded Judy fifty-five percent of the proceeds, each brother received fifteen percent, and Ronald received ten percent.

Initially we note that there exists no clear standard of review of the trial court's allocation of wrongful death proceeds. The statute requires the court to distribute the proceeds to designated surviving relatives and the estate in a fair and equitable manner considering the relative damages sustained by each party. MCL 600.2922(6)(d); MSA 27A.2922(6)(d).

A panel of this Court articulated a standard of review in a case involving distribution of wrongful death proceeds in probate court. It held that the findings of fact of a probate judge may not be reversed, unless the evidence clearly preponderates in the opposite direction. *In re Young Estate,* 119 Mich App 307, 313; 326 NW2d 492 (1982). The exact meaning of the *Young* standard is unclear. Also, *Young* was appealed from a different court. We decline to apply it to this case.

The appropriate standard is the one mandated by the court rule. Findings of fact by the trial court may not be set aside unless clearly erroneous. MCR 2.613(C). In reviewing the findings, we give due regard to the special opportunity of the court to judge credibility. *In re Dupras,* 140 Mich App 171, 174; 363 NW2d 26 (1984). We then review the court's distribution of the proceeds, based on its findings, for an abuse of discretion.

In this case, the evidence supports the finding

that Judy Hoogewerf sustained by far the greatest loss on the death of Christopher. After his parents divorced in 1972, Christopher lived with his mother and brothers for all but three months. He contributed financially to the family household. Ronald often failed to make timely support payments. The judge did not clearly err when he found that Christopher's relationship with his mother and brothers was much closer than his relationship with his father. Based on the findings, the distribution of proceeds was not an abuse of discretion.

Affirmed.