ORTMAN v GORDON FOOD SERVICE, INC

Docket No. 193945. Submitted June 3, 1997, at Grand Rapids. Decided
    August 19, 1997, at 9:10 A.M. Leave to appeal sought.

    Michael P. and Annette Jo Ortman, husband and wife, brought an
        action in the Saginaw Circuit Court against Gordon Food Service,
        Inc., alleging that Michael's discharge from employment on the
        basis that he failed to relocate his residency from Midland to his
        new sales territory in Flint, pursuant to the defendant's require-
        ment that its sales people reside in their sales territories, was
        unlawful discrimination based on Michael's marital status. The
        court, Lynda L. Heathscott, J., denied the defendant's motion for
        summary disposition, finding there was a genuine issue of material
        fact regarding whether Michael's marital status was a reason for his
        termination. The defendant appealed by leave granted.

        The Court of Appeals *held*:

        The trial court erred in finding the existence of a genuine issue
        of material fact. The defendant's policy treats all its employees sim-
        ilarly. All sales people, whether married, single, or divorced, must
        reside in their sales territories. The defendant properly could con-
        sider the plaintiff wife's residency when determining whether the
        plaintiff husband had in fact relocated to his sales territory. The
        defendant did not require the plaintiffs' family to move, but law-
        fully took into account the fact that the family had not moved in
        determining that the plaintiff husband had not moved either.

        Reversed.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — MARITAL STATUS.

    Employment discrimination based on marital status must arise from a
        policy that differentiates on the basis of whether a person is mar-
        ried, and not to whom or otherwise.

2. MASTER AND SERVANT — CONDITIONS OF EMPLOYMENT — RESIDENCY IN GEO-
    GRAPHICAL AREA.

    The residence of an employee's family members, although not deter-
        minative, is relevant in determining whether the employee has
        established a residence in a particular geographical area; the ques-
        tion of the employee's residency is one of intent that is arrived at
        from careful consideration of all the facts and circumstances.

*Klimaszewski & Street* (by *Barbara A. Klimaszewski*), for the plaintiffs.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *William H. Fallon*), for the defendant.

Before: GAGE, P.J., and McDONALD and FITZGERALD, JJ.

PER CURIAM. Defendant Gordon Food Service, Inc., appeals by leave granted from a March 19, 1996, order denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) regarding plaintiffs' employment discrimination claim based on marital status. We reverse.

Defendant was sued by plaintiffs after defendant fired plaintiff Michael Ortman (hereafter plaintiff) from his position as a salesman for defendant. Plaintiff alleged his discharge was based on the failure of his wife and family to relocate with him from their established home in Midland to his sales territory in Flint, and that his discharge, therefore, constituted unlawful discrimination based on his marital status in contravention of the Michigan Civil Rights Act, specifically MCL 37.2202; MSA 3.548(202). Defendant argued plaintiff was discharged for his failure to fulfill his obligation to relocate to Flint and because plaintiff warned that the current commuting situation might not continue to work out. We find the trial court erred in determining a genuine issue of material fact existed regarding whether plaintiff's marital status was a reason for his termination.

Employment discrimination based on marital status must arise from a policy that differentiates "based on *whether* a person is married" and not to whom, or

otherwise. *Miller v C A Muer Corp*, 420 Mich 355, 363; 362 NW2d 650 (1984). Here, the policy in question, defendant's requirement that its sales people reside in their sales territories, is not dependent upon or related to an employee's marital status. All employees, whether single, married, or divorced, are treated similarly by the policy, and plaintiff has failed to present any evidence that the policy was applied differently to single or divorced employees.

Plaintiff's focus on defendant's consideration of his wife's and family's domicile is unavailing. This Court has previously held that, when evaluating whether an individual employee has established a residence in a particular geographical area, the residence of the other family members is relevant:

> Residence of one's family is not determinative, but is a relevant factor. The question of residency is one of intent which is arrived at from careful consideration of all facts and circumstances. [*Saginaw v Lindquist*, 139 Mich App 515 , 520; 362 NW2d 771 (1984), affirmed on other grounds sub nom *Parks v Employment Security Comm*, 427 Mich 224; 398 NW2d 275 (1986).]

Defendant could properly consider plaintiff wife's residency when determining whether plaintiff had in fact relocated to his sales territory. Thus, plaintiff's contention that defendant "required" plaintiff's family to move is untenable. Defendant did not *require* plaintiff's family to move, but lawfully took into account the fact the family had not moved when it determined plaintiff had not moved either. The trial court erred in determining there was a genuine issue of material fact regarding whether plaintiff's marital status was a reason for his termination.

Reversed.